UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

UNITED STATES OF AMERICA,

        Plaintiff,

                      Case No. 16-CR-175

  v.

JASON MICHAEL LUDKE,
    a/k/a "Muhammad Nassir,"
    a/k/a "Muhammad Abdun Naasir
    al-Hannafi,"
    a/k/a "Abuz Sayyaf," and

YOSVANY PADILLA-CONDE,
    a/k/a "Saadiq Ibn Abbas,"
    a/k/a "Saadiq Padilla,"

        Defendants.

___

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION THAT HIS MOTION TO DISMISS BE DENIED**

The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin; Paul L. Kanter, Assistant United States Attorney; and Jolie F. Zimmerman, Trial Attorney, United States Department of Justice, respectfully submits the Government's Response to Defendant's Objection to Magistrate Judge's Recommendation That His Motion to Dismiss Be Denied (ECF No. 54) (Objection).

## INTRODUCTION

On October 6, 2017, Defendant Jason Michael Ludke filed a Motion to Dismiss or, in the Alternative, for a Bill of Particulars (ECF No. 41) (Motion to Dismiss). The government filed its response on November 6, 2017 (ECF No. 43) (Response). Defendant filed his reply on December

1

1, 2017 (ECF No. 46) (Reply). On December 11, 2017, the Court issued a recommendation that defendant's motion be denied. *See* Recommendation and Order on Defendants' Pretrial Motions, December 11, 2017 (ECF No. 48) (Recommendation). On December 28, 2017, defendant filed his Objection. Based on the arguments made in its Response, the government submits that the Recommendation should be accepted and that defendant's Motion to Dismiss should be denied. The government submits this response to supplement those arguments and to address certain points made in defendant's Reply.

## ARGUMENT

### A. An Indictment Charging Violations of Section 2339B Need Not Negate the Exception Provided by Subsection (h).

In his Motion to Dismiss, Defendant Ludke argued, *inter alia*, that the indictment fails to accurately plead the charged offense "because it does not accuse Ludke of conspiring or attempting to act at the direction or control of ISIL, or with a view to organize or direct ISIL's activities, as [] required by § 23339B(h)." Motion to Dismiss at 3. As the government argued in its response, the Indictment sufficiently pleads the charged offenses as subsection (h) of Section 2339B is a definitional provision that need not be pled in the indictment. Government's Response at 2. Alternatively, subsection (h) may be considered an "exception" or proviso to the general prohibition provided by Section 2339B(a)(1).

As the Seventh Circuit has found, "[a]n indictment founded on a general provision of a statute need not negative an exception made by a proviso or other distinct clause, whether in the same section or elsewhere." *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978) (interpreting 21 U.S.C. §§ 846 & 841(a)(1) and 21 C.F.R. § 1306.04(a) and citing *McKelvey v. United States*, 260 U.S. 353, 357 (1922)). Courts in other circuits have agreed with this general proposition. *See United States v. Reza-Ramos*, 816 F.3d 1110, 1120 (9th Cir. 2016) (interpreting 18 US.C. § 1152);

2

*United States v. Stanko*, 491 F.3d 408, 412 (8th Cir. 2007) (interpreting 18 U.S.C. §§ 922(g) & 921(a)(20)(A)); *Echavarria v. Reno*, 35 F.3d 395, 399 (9th Cir. 1994) (interpreting 21 U.S.C. § 963); *United States v. McCord*, 33 F.3d 1434, 1444 & n. 24 (5th Cir. 1994) (interpreting 18 U.S.C. § 1954); *see also United States v. Titterington, et al.*, 374 F.3d 453, 456-59 (6th Cir. 2004) (statute of limitations is affirmative defense that need not be pled in indictment).

Here, the Indictment is founded on a general provision—Section 2339B(a)(1). Subsection (h) may be considered an exception or proviso to this general provision. Accordingly, the Indictment is not required to allege the applicability of this subsection.

### B. Subsection (h) Is Not the "Rare Exception" to the General Rule.

Defendant argues that subsection (h) is one of those admittedly "rare instances" in which the exception "is so inseparable from a true definition of the offense that the ingredients of the offense cannot accurately be described if the exception is omitted." Reply at 2 (quoting *United States v. Borland*, 309 F.Supp. 280, 290 (D.Del. 1970)) (internal quotation marks omitted). In arguing that subsection (h) is inseparable from a true definition of Section 2339B(a)(1), defendant asserts that "subsection (h) defines not only the meaning of 'personnel' but the *mens rea* requirement with respect to the 'personnel' provision of § 2339B." Reply at 3. Defendant's arguments are without merit.

"Congress chose knowledge about the organization's connection to terrorism … as the necessary mental state for a violation." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 2-3 (2010). As *Humanitarian Law Project* makes clear, Section 2339B(a)(1) "specifically describes the type of knowledge that is required." *Id*. at 16. While subsection (h) "clarify[ied] the scope of 'personnel,'" *id*. at 21, and was enacted as "a limiting definition in [the Intelligence Reform and Terrorism Prevention Act or] IRTPA" that addresses vagueness concerns, *id*. at 23, the mental

3

state required has remained unchanged. It is true that subsection (h) includes the word "knowingly," but this inclusion simply clarifies that the same knowledge requirement applies to the provision of personnel as to any other type of material support. In this case, the indictment alleges that defendant acted "unlawfully and knowingly." *See* Indictment (ECF. No. 5) at 2-3. Accordingly, the Indictment adequately conveys the notion of knowledge and intent.

Defendant argues that the legislative history of subsection (h) "supports the conclusion that subsection (h) identifies the *mens rea* requirement, thereby making it an element of the offense." Reply at 4. Defendant contends that a conference report to IRTPA "states that the amendment [subsection (h)] was not just clarifying the definition of personnel, but also 'the knowledge required to violate the statute.'" *Id*. (quoting IRTPA Conference Report, 150 Cong. Rec. S11939-01, 2004 WL 2812449). Defendant misreads this legislative history.

IRTPA's Section 6603, Additions to Offense of Providing Material Support to Terrorism, contains subsection (h), as well as a number of other amendments to 18 U.S.C. § 2339B. P.L. 108-458, 118 Stat. 3638 (2004). One such amendment added a specific knowledge requirement to the general prohibition in Section 2339B(a)(1): "To violate this paragraph, a person much have knowledge that the organization is a designated terrorist organization …, that the organization has engaged or engages in terrorist activity …, or that the organization has engaged or engages in terrorism." *Id*. at SEC. 6603(c)(2).

The conference report cited by defendant contains comments on all of Section 6603. Defendant has selectively quoted from this report. The relevant passage reads as follows:

> Section 6603 broadens the jurisdictional bases of the material-support statute. It also clarifies the definitions of the terms "personnel," "training," and "expert advice or assistance" in response to concerns expressed in recent court decisions. Furthermore, this section clarifies the knowledge required to violate the statute, and specifies that nothing contained in the statute shall

4

be construed to abridge free-speech rights.

2004 WL 2812449, *S11995. When read as a whole, and in the context of Section 6603, this language may fairly be read to refer to multiple amendments to Section 2339B that are all included in Section 6603. The language "clarifies the definition[] of the term[] 'personnel,'" refers to subsection (h). The language "clarifies the knowledge required to violate the statute" refers to the addition to Section 2339B(a)(1) described above that also was mandated by Section 6603.

The general rule providing that an exception need not be negated in an indictment applies to subsection (h). Subsection (h) is not one of those "rare instances" in which the exception to a general statutory provision is so necessary to its definition as to be an element of the offense.

## CONCLUSION

Based on the above discussion and analysis, the government respectfully requests that the Court accept the Magistrate Judge's Recommendation and deny defendant's Motion to Dismiss.

Respectfully submitted,

GREGORY J. HAANSTAD
United States Attorney

By:     /s/
PAUL L. KANTER
Assistant U.S. Attorney

Bar No: 1005035
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-4104
Fax: (414) 297-1738
Email: paul.kanter@usdoj.gov

JOLIE F. ZIMMERMAN
D.C. Bar No. 465110
Trial Attorney
Counterterrorism Section
National Security Division
United States Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
Telephone: (202) 514-1453
Fax: (202) 514-8714
Email: jolie.zimmerman@usdoj.gov

Date: January 12, 2018

Certificate of Service

I do hereby certify that a copy of foregoing motion and proposed order was served by hand on counsel of record for the defendants on this 12th day of January 2018.

Jolie F. Zimmerman