UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            Case No. 16-CR-175

YOSVANY PADILLA-CONDE,
a/k/a "Saadiq Ibn Abbas,"
a/k/a "Saadiq Padilla,"

        Defendant.

## PLEA AGREEMENT

1. Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, Benjamin Taibleson, Assistant United States Attorney, Joseph Attias, Trial Attorney, National Security Division, United States Department of Justice, the defendant, Yosvany Padilla-Conde, and the defendant's counsel, Craig Powell, have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### CHARGES

2. The defendant has been charged in two counts of a three-count indictment, which alleges violations of Title 18, United States Code, Section 2339B(a)(1) and (2).

3. The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

### COUNT THREE

**THE GRAND JURY CHARGES THAT:**
Beginning on a date unknown, but no later than September 27, 2016, and continuing through October 5, 2016, in the state and Eastern District of Wisconsin and elsewhere, Yosvany Padilla-Conde, a/k/a "Saadiq Ibn Abbas," a/k/a "Saadiq Padilla," did unlawfully and knowingly aid and abet an attempt by Jason Michael Ludke, a/k/a "Muhammad Nassir," a/k/a "Muhammad Abdun Naasir al-Hannafi," a/k/a "Abuz Sayyaf," to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b)(1), including but not limited to personnel, to a foreign terrorist organization, namely, the Islamic State of Iraq and the Levant ("ISIL"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIL was a designated foreign terrorist organization, that ISIL engages and has engaged in terrorist activity, and that ISIL engages and has engaged in terrorism.
All in violation of Title 18, United States Code, Sections 2339B(a)(1) and 2

5.     The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

The Islamic State, also known as the Islamic State of Iraq and the Levant (ISIL), the Islamic State of Iraq and al'Sham (ISIS), the Islamic State of Iraq and Syria (ISIS), ad-Dawla al'Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, and Dawla al Islamiya (hereinafter referred to as "ISIS"), is a Foreign Terrorist Organization Under Section 219 of the Immigration and Nationality Act and Specifically Designated Global Terrorist under section 1(b) of Executive Order 13224.

Yosvany Padilla-Conde is a Cuban national who committed the offense charged in count three while in the United States. Padilla-Conde agreed to assist and did assist Jason Ludke in Ludke's attempt to join ISIS by traveling from Wisconsin through Mexico to Syria and Iraq in order to work under ISIS's direction and control. Ludke and Padilla-Conde knew that ISIS had engaged and was engaging in terrorist activity and terrorism.

In September 2016, an FBI undercover employee (UCE) received a social media platform friend request from Ludke, who was using the name "Abuz

2

Sayyaf." The UCE accepted the friend request and thereafter had a series of conversations with Ludke via e-mail, voice chat, and video chat. Ludke stated that he wanted to make "hijra" (migration) away from "darul kufr" (land of the infidel) in order to join ISIS. Padilla-Conde knew this occurred.

Padilla-Conde also swore allegiance to ISIS and expressed his intent to travel to the Middle East in videos that the UCE and Ludke requested that he make. The videos were sent to the UCE, who Padilla-Conde believed was an ISIS recruiter.

In executing their plan, Padilla-Conde and Ludke drove from Wisconsin to Texas. Padilla-Conde did most of the driving and called mosques along the way to gain permission to park their car in mosque parking lots overnight. He did all of this in full knowledge that Ludke intended to join ISIS and that he was assisting Ludke in Ludke's attempt to do so. On October 5, 2016, law enforcement located and arrested Ludke and Padilla-Conde near San Angelo, Texas, traveling southeast toward the Mexican border.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 20 years and $250,000. The count also carries a mandatory special assessment of $100 and a maximum life term of supervised release.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable federal sentencing guidelines and policy statements ("sentencing guidelines") with his attorney.

## DISMISSAL OF REMAINING COUNT OF THE INDICTMENT

8. The government agrees to move to dismiss the remaining count of the indictment at the time of sentencing.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of aiding and abetting an attempt to provide material support or resources to a foreign terrorist organization as

3

set forth in count three, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that the defendant knowingly aided and abetted another person attempting to provide material support or resources to a foreign terrorist organization;
>
> Second, that the defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism; and
>
> Third, that one of the following jurisdictional requirements is satisfied:
> (a) The defendant is a national of the United States, a permanent resident alien, or a stateless person whose habitual residence is the United States;
> (b) After the conduct required for this offense occurred, an offender was brought back into the United States or found in the United States;
> (c) The offense occurred in whole or in part within the United States;
> (d) The offense occurred in or affected interstate or foreign commerce; or
> (e) An offender aided or abetted any person over whom jurisdiction exists in committing an offense under this statute or conspired with any person over whom jurisdiction exists to commit an offense under this statute.

## **SENTENCING PROVISIONS**

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and understand that, prior to sentencing, the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties

4

acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

13. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

### Base Offense Level

15. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 26 under Sentencing Guidelines Manual § 2M5.3(a).

### Specific Offense Characteristics

16. The government will recommend to the sentencing court that a two-level increase for providing material support or resources to a terrorist organization with the intent, knowledge, or reason to believe they are to be used to commit or assist in the commission of a violent act is applicable to the offense level for the offense charged in count one under Sentencing Guidelines Manual § 2M5.3(b)(1)(E).

5

### Victim-Related Adjustments

17. The parties agree to recommend that the sentencing court apply any applicable victim-related Guidelines provisions, including but not limited to the terrorism enhancements set forth in U.S.S.G. §§ 3A1.4(a) and 3A1.4(b)

### Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

21.     The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

## Court's Determinations at Sentencing

22.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

7

## Special Assessment

25. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

26. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

8

27. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

28. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

29. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, venue, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

30. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

31. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

32. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

33. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

34. The defendant acknowledges and understands if the he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

35. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 4/10/2019

YOSVANY PADILLA-CONDE
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 4/10/19

CRAIG POWELL
Attorney for Defendant

For the United States of America:

Date: 4/10/19

MATTHEW D. KRUEGER
United States Attorney

Date: 4/10/19

BENJAMIN TAIBLESON
Assistant United States Attorney

Date: 4/10/19

JOSEPH ATTIAS
Trial Attorney, Counterterrorism Section
National Security Division
United States Department of Justice

12